## THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF NEW YORK

JBC SAFETY PLASTIC, INC.,

                          Plaintiff,

v.                                               **COMPLAINT**

EASTERN METAL OF ELMIRA, INC.

                         Defendant.                Civil No. ____

                                            **JURY TRIAL DEMANDED**

Plaintiff JBC Safety Plastic, Inc. ("JBC") states as follows for its Complaint against Defendant Eastern Metal of Elmira, Inc. ("Defendant") and alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for infringement of JBC's federally-registered trademark under 15 U.S.C. § 1114, for federal trademark dilution under 15 U.S.C. § 1125(c), for federal unfair competition under 15 U.S.C. § 1125(a), and for trademark infringement, trademark dilution, and unfair competition under New York State law, all arising from Defendant's unauthorized use of JBC's Trade Dress  in  connection with the manufacture, distribution, advertising, offering for sale, and/or sale of Defendant's goods to consumers.

## THE PARTIES

2.      JBC is a California corporation having its principal place of business at 16750 Chestnut Street, City of Industry, California, 91748.  JBC manufactures and sells high quality traffic and safety control products such as traffic cones, delineators, pavement markers, and barricades.

3.      Upon information and belief, Defendant is a New York corporation having its

principal place of business at 1430 Sullivan Street, Elmira, New York, 14901-1698. Defendant

manufactures and sells traffic and safety equipment control products. Defendant operates under

the name of USA-Sign and USA-Sign.com

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Defendant because Defendant is located in this judicial

district and has caused offending goods and services to be advertised and promoted in this

judicial district, and because Defendant has caused injury to JBC in this judicial district.

5.      Upon information and belief, Defendant makes its goods and services available in New

York State to persons located there via its website at http://usa-sign.com. Upon information and

belief, New York residents are able to purchase goods and services from and through that

website, and have in fact done so. In fact, Defendant expressly holds itself out as a "national"

manufacturer of portable Roadway Safety Products on its website.

6.      This Court has subject matter jurisdiction over infringement of federally registered

trademarks pursuant to 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121. Pursuant to the principles of

supplemental jurisdiction, this Court has jurisdiction over the state law claims pursuant to 28

U.S.C. § 1338(b) and 28 U.S.C. § 1367.

7.      Venue of this action is set in the United States District Court for the Western

District of New York by virtue of 28 U.S.C. § 1391.


## FACTUAL BACKGROUND

### JBC's Business and JBC Trade Dress

8.      JBC is a leading manufacturer of injection molded traffic cones. JBC's Revolution Series

cones are the leader in the traffic cone industry. Its cones are recognized by the indented handle

at the top of all its cones and its recycled black base with orange dots around the bottom.

Headquartered in California, JBC has business locations in Canada, Texas, and New Jersey.

9.      JBC was founded in 1999, and after 20 years in business, it is now recognized as a leader

in the traffic control and safety market.  JBC is world renowned for its innovative products such

as its Revolution series cones and its Duraviz rollup signs.

10.     JBC is the owner of U.S. Trademark Registration No. 5,202,522, in International Class 9

(the "'522 Registration") depicted here:



Attached as **Exhibit 1** is a true and correct copy of the registration certificate for the '522

Registration.  The '522 Registration was filed on September 13, 2014, and registered on May 16,

2017.

11.     On May 17, 2016, JBC received a publication confirmation with regard to

the '522 Registration.  On May 16, 2017, JBC received a registration certificate.

12.     The '522 Registration is conclusive evidence of the validity of the registered Trade Dress,

conclusive evidence of Plaintiff JBC's registration of the Trade Dress, conclusive evidence of

JBC's ownership of the Trade Dress, and of JBC's exclusive right to use the registered Trade

Dress in commerce, pursuant to 15 U.S.C. § 1115.

13.     JBC provides products and services to hundreds of companies, and has an unwavering

commitment to customer satisfaction and public safety.

14.     JBC owns and operates a website under the domain name

http://www.jbcsafetyplastic.com, through which uses, markets, and promotes the described Trade Dress.

15.    The Trade Dress is displayed at JBC sales locations, its brochures, pamphlets, and other advertising, as well as throughout the JBC Website.

16.    Over the course of time, JBC has expended considerable time, monies, and resources marketing, advertising, and promoting the services offered under the Trade Dress.

17.    Since entering commercialization, and through extensive advertising and promotional activities by JBC, the Trade Dress has become widely known as identifying JBC as the source of the JBC's safety products.

18.    As a result of the use and registration of the Trade Dress, JBC has developed extensive goodwill in the Trade Dress, and has protectable trademark rights under both federal and state law.

**Defendant's Business and Unauthorized Use of the JBC Mark**

19.    Upon information and belief, Defendant is engaged in manufacturing and selling traffic and safety equipment control products to consumers throughout the United States, including the State of New York.

20.    Without JBC's authorization, Defendant adopted and used a trade dress virtually identical to JBC's Trade Dress in commerce (the "Infringing Trade Dress"), shown in comparative depiction below:



| JBC's Product | Defendant's Product |
|---|---|
| **JBC's Trade Dress Reg. 5,202,522** | **Defendant's Infringing Product** |

21.     Upon information and belief, Defendant owns and/or operates a website under the domain name  http://usa-sign.com.  This website uses the Infringing Trade Dress as shown in the screenshot of the website thereof attached hereto as **Exhibit 2**.

22.     JBC's Trade Dress and Defendant's Infringing Trade Dress contain the identical circle of orange dots around the perimeter of the traffic cone base.

23.     JBC's Trade Dress and Defendant's Infringing Trade Dress are identical and/or virtually identical, and are likely to cause confusion, mistake, or deception in the minds of prospective purchasers as to the origin or source of Defendant's goods and services.

24.     Upon information and belief, the goods and services advertised and sold using JBC's Trade Dress, and the goods and services advertised and sold using Defendant's Infringing Trade Dress are closely related to and/or are in the natural zone of expansion of JBC's products. Attached hereto as **Exhibit 3** is a copy of Defendant's brochure containing the Infringing Trade Dress.

25.     Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendant's goods and services, and have and are likely to deceive the relevant consuming public into mistakenly believing that Defendant's goods and services originate from, are associated or affiliated with, or are otherwise sponsored or authorized by JBC.

26.     Defendant's acts are causing and will continue to cause damage to JBC and to its valuable reputation and goodwill with the consuming public.  JBC has no adequate remedy at law unless Defendant is permanently restrained by the Court.

**FIRST CAUSE OF ACTION**
**Federal Trademark Infringement Under 15 U.S.C. § 1114**

27.     JBC realleges and incorporates by reference paragraphs 1 through 26 of this Complaint.

28.     Defendant, without authorization from JBC, has used and is continuing to use JBC's Trade Dress in connection with the manufacture, sale, offering for sale, distribution, and/or advertising of its goods and services.

29.     Defendant had and has constructive notice of JBC's federal registration under 15 U.S.C. § 1072.

30.     Defendant's use of the Infringing Trade Dress is likely to lead the public to mistakenly believe that its goods and services originate with or are authorized by JBC, which will damage both JBC and the public.

31.     Defendant's use of the Infringing Trade Dress in interstate commerce as described above constitutes trademark infringement in violation of 15 U.S.C. § 1114.

32.     As a direct and proximate result of Defendant's trademark infringement, JBC has suffered and will continue to suffer loss of income, profits, reputation and goodwill and Defendant has and will continue to unfairly acquire income, profits, and goodwill.

33.     Upon information and belief, Defendant intends to continue its infringing acts.  JBC has no adequate remedy at law unless Defendant is permanently restrained by the Court.

**SECOND CAUSE OF ACTION**
**Federal Trademark Dilution Under 15 U.S.C. §1125(c)**

34.     JBC realleges and incorporates by reference paragraphs 1 through 33 of this Complaint.

35.     The JBC Trade Dress is a strong and distinctive mark that has been in continuous use and achieved enormous and widespread public recognition.

36.     Defendant, without authorization from JBC, has used and is using a trade dress on its cones that is practically identical to the JBC Trade Dress.

37.     Defendant had constructive notice of JBC's federal registration pursuant to 15 U.S.C. § 1072.

38.     Defendant's actions have and are likely to dilute, blur, and tarnish the distinctive quality of the JBC Trade Dress, and lessen the capacity of the JBC Trade Dress to identify and distinguish the company's products.

39.     Defendant's acts are in violation of 15 U.S.C. § 1125(c), and JBC has been and is likely to be damaged by these acts.  Unless Defendant is restrained, JBC will continue to suffer damages and injury to its reputation and goodwill.

40.     Because Defendant traded on JBC's reputation and/or cause dilution of its well-known JBC Trade Dress, JBC is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

41.     Upon information and belief, Defendant intends to continue its infringing acts.  JBC has no adequate remedy at law unless Defendant is permanently restrained by the Court.

### THIRD CAUSE OF ACTION
### Federal Unfair Competition Under 15 U.S.C. § 1125(a)

42.     JBC realleges and incorporates by reference paragraphs 1 through 41 of this Complaint.

43.     Defendant's infringing manufacturing, marketing and sale of its goods and services in interstate commerce using the Infringing Trade Dress constitutes a use of a false designation of origin or false representation that not only wrongfully and falsely designates Defendant's goods and services as originating from or connected with JBC, but also has caused or soon will cause consumers to attribute Defendant's breaches of care and/or errors in judgment to JBC, and constitutes the use of false descriptions or representations in interstate commerce.

44.     Defendant had constructive notice of JBC's federal registration under 15 U.S.C. § 1072.

45.     Defendant's actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

46.     As a direct and proximate result of Defendant's unfair competition, JBC has suffered and will continue to suffer loss of income, profits, reputation and goodwill and Defendant have and will continue to unfairly acquire income, profits, and goodwill.

47.     Upon information and belief, Defendant intends to continue its infringing acts.  JBC has no adequate remedy at law unless Defendant is permanently restrained by the Court.

## FOURTH CAUSE OF ACTION
## Trademark Infringement Under N.Y. Art & Cult. Aff. Law § 33.09

48.     JBC realleges and incorporates by reference paragraphs 1 through 47 of this Complaint.

49.     Defendant, without authorization from JBC, has sold and continues to offer for sale the infringing products, bearing a counterfeit trade dress or spurious designations that are identical to, or substantially indistinguishable from, JBC's Trade Dress, in violation of N.Y. Art & Cult. Aff. Law § 33.09(3).

50.     Defendant's sale of the infringing products misrepresents the quality, character, and place of manufacture or production of JBC's and Defendant's products, in violation of N.Y. Art & Cult. Aff. Law § 33.09(5).

51.      The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether the infringing products originate from, or are affiliated with, sponsored by, or endorsed by JBC.

52.     Defendant's foregoing acts constitute trademark infringement in violation of N.Y. Art & Cult. Aff. Law § 33.09.

53.     Upon information and belief, Defendant has made and will continue to make substantial profits and gains to which it is not entitled in law or equity.

54.     Defendant's acts have damaged and will continue to damage JBC.

55.     Upon information and belief, Defendant intends to continue its infringing acts.  JBC has no adequate remedy at law unless Defendant is permanently restrained by the Court.

## FIFTH CAUSE OF ACTION
## Common Law Trademark Infringement Under N.Y.  Gen. Bus. § 360-k

56.     JBC realleges and incorporates by reference paragraphs 1 through 55 of this Complaint.

57.     JBC's Trade Dress is valid and legally protectable under both federal law and New York common law.

58.     The incontestability of the '522 Registration is conclusive evidence of the validity of the registered Trade Dress, conclusive evidence of the registration of the Trade Dress, conclusive evidence of JBC's ownership of the Trade Dress, and of JBC's exclusive right to use the registered Trade Dress in commerce, pursuant to 15 U.S.C. § 1115.

59.     Defendant's use of the Infringing Trade Dress is likely to lead the public to mistakenly believe that its goods and services originate with or are authorized by JBC, which will damage both JBC and the public.

60.     In addition, Defendant's use of the Infringing Trade Dress is likely to and may have already led the public to mistakenly believe that Defendant is somehow affiliated with JBC, which has caused or will cause significant damage to JBC's reputation and goodwill in the marketplace.

61.     Defendant's use of the Infringing Trade Dress in interstate commerce as described above constitutes trademark infringement under New York common law and is likely to cause consumer confusion, mistake, or deception.

62.     As a direct and proximate result of Defendant's trademark infringement, JBC has suffered and will continue to suffer loss of income, profits, reputation and goodwill, and Defendant has and will continue to unfairly acquire income, profits, and goodwill.

63.     Upon information and belief, Defendant intends to continue its infringing acts.  JBC has no adequate remedy at law unless Defendant is permanently restrained by the Court.

## SIXTH CAUSE OF ACTION
### Common Law Dilution Under N.Y. Gen. Bus. Law § 360 et seq.

64.    JBC realleges and incorporates by reference paragraphs 1 through 63 of this Complaint.

65.    The JBC Trade Dress is strong and distinctive, within the meaning of N.Y. Gen. Bus. Law § 360, that has been in continuous use and has achieved enormous and widespread public recognition.

66.    Defendant infringed the JBC Trade Dress by the manufacture, use, display, offering for sale and/or sale of counterfeit JBC products, bearing a trade dress indistinguishable from the JBC Trade Dress.

67.    JBC has suffered from dilution of the distinctive quality of its name and Trade Dress, decreasing the capacity of such Trade Dress to identify and distinguish JBC products, and injury to its business reputation, as a result of Defendant's wrongful actions.

68.    Defendant's use of the JBC Trade Dress, without authorization from JBC, further dilutes JBC's well-known Trade Dress by associating them with products of inferior quality, thereby tarnishing the Trade Dress.

69.    As a direct and proximate result of Defendant's actions, JBC has suffered and will continue to suffer loss of income, profits, reputation and goodwill and Defendant has and will continue to unfairly acquire income, profits, and goodwill.

70.    Upon information and belief, Defendant intends to continue its infringing acts.  JBC has no adequate remedy at law unless Defendant is permanently restrained by the Court.

## SEVENTH CAUSE OF ACTION
### Common Law Unfair Competition Under N.Y. Gen.  Bus. Law § 360-l

71.    JBC realleges and incorporates by reference paragraphs 1 through 70 of this Complaint.

72.    Defendant's acts including the unlawful use and imitation of the JBC Trade Dress in connection with the manufacture, marketing, distribution, and sale of traffic and safety control products constitute an unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising in violation of New York common law unfair competition.

73.    Defendant had constructive notice of JBC's federal registration under 15 U.S.C. § 1072.

74.    Defendant's use of the Infringing Trade Dress is likely to lead the public to mistakenly believe that its goods and services originate with or are authorized by JBC, which will damage both JBC and the public.

75.    Defendant's use of the Infringing Trade Dress in interstate commerce as described above is likely to cause consumer confusion, mistake, or deception.

76.    As a direct and proximate result of Defendant's acts of unfair competition, JBC has suffered and will continue to suffer loss of income, profits, reputation and goodwill and Defendant has and will continue to unfairly acquire income, profits, and goodwill.

77.    Upon information and belief, Defendant intends to continue its infringing acts.  JBC has no adequate remedy at law unless Defendant is permanently restrained by the Court.

**EIGHTH CAUSE OF ACTION**
**Deceptive Practices and False and Misleading Advertising,**
**N.Y. Gen. Bus. §§ 349 and 350**

78.    JBC repeats and incorporates by reference paragraphs 1 through 77 of this Complaint.

79.    Defendant has been and is engaged in deceptive acts and practices in the conduct of a business, trade or commerce, which materially misleads consumers into falsely believing that

Defendant's sale of the infringing products is authorized by, or affiliated with JBC, in violation of NY. Gen. Bus. Law § 349.

80.     Defendant has advertised the sale of counterfeit JBC products, and continues to do so, intentionally misleading the public in material respects and failing to reveal material facts, creating the false impression that the infringing products are authorized by or affiliated with JBC, causing injury to both the public and JBC, in violation of N.Y. Gen. Bus. Law § 350.

81.     Upon information and belief, Defendant has made and will continue to make substantial profits and gains to which it is not entitled to in law or equity.

82.     Defendant's acts have damaged and will continue to damage JBC.

83.     Upon information and belief, Defendant intends to continue its infringing acts.  JBC has no adequate remedy at law unless Defendant is permanently restrained by the Court.

## NINTH CAUSE OF ACTION
### Unjust Enrichment

84.     JBC repeats and incorporates by reference paragraphs 1 through 83 of this Complaint.

85.     The acts complained of above constitute Defendant's unjust enrichment of JBC's expense and damage.

## PRAYER FOR RELIEF

WHEREFORE, in consideration of the foregoing, JBC prays for judgment in its favor  and against Defendant as follows:

a)      Entering a judgment declaring that the JBC Trade Dress has been and continues to constitute federal trademark infringement by Defendant in violation of 15 U.S.C. § 1114;

b)      Entering a judgment declaring that Defendant's use of the JBC Trade Dress constitutes federal trademark dilution in violation of 15 U.S.C. § 1125(c);

c)      Entering a judgment declaring that Defendant's use of the JBC Trade Dress constitutes federal unfair competition in violation of 15 U.S.C. § 1125(a);

d)      Entering a judgment declaring that Defendant's use of the JBC Trade Dress constitutes trademark infringement in violation of New York Art & Cultural Affairs Law § 33.09;

e)      Entering a judgment declaring that Defendant's use of the JBC Trade Dress constitutes common law trademark infringement New York General Business Law § 360-k;

f)      Entering a judgment declaring that Defendant's use of the JBC Trade Dress constitutes common law trademark dilution under New York General Business Law § 360 et seq.;

g)      Entering a judgment declaring that Defendant's use of the JBC Trade Dress constitutes common law unfair competition under New York General Business Law § 360-l;

h)      Entering a judgment declaring that Defendant engaged in deceptive practices and false and misleading advertising in violation of §§ 349 and 350 of the New York General Business Law.

i)      Entering a judgment declaring that Defendant has been unjustly enriched in violation of New York common law.

j)      Granting an injunction permanently enjoining and restraining Defendant and its officers, agents, servants, employees, attorneys, parents, successors, assigns, affiliates, and all others in active concert or participation with it from further acts of trademark infringement, trademark dilution, and unfair competition;

k)      Granting an order pursuant to 15 U.S.C. § 1116 directing Defendant to file with the Court and serve on JBC, within thirty (30) days after the entry of the injunction, a report, in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the terms of the Court's injunction;

l)      Granting an order directing Defendant to deliver up for destruction all products, and all promotional and/or advertising materials of any kind, bearing the Infringing Trade Dress and any other trade dresses which are confusingly similar to or otherwise violate the JBC Trade Dress;

m)      Awarding JBC all damages it sustained as the result of Defendant's acts of infringement, dilution, and unfair competition, said amount to be trebled, together with prejudgment interest, pursuant to 15 U.S.C. § 1117 and applicable New York Law;

n)      Awarding to JBC all profits received by Defendant from sales and revenues of any kind made as a result of its infringing actions, said amount to be trebled, after an accounting pursuant to 15 U.S.C. § 1117 and applicable New York Law.

o)      Awarding JBC its attorneys' fees and costs pursuant to 15 U.S.C. § 1117 and applicable New York Law; and

p)      Granting JBC such other and further relief against Defendant as this Court deems just, equitable, and proper.

## DEMAND FOR JURY TRIAL

JBC demands trial by jury on all issues so triable.

Dated:          New York, NY
                June 16, 2017

                                        Respectfully submitted,

                                        **THE BASIL LAW GROUP, P.C.**
                                        **COUNSEL FOR PLAINTIFF**
                                        **JBC SAFETY PLASTICS, INC.**

                                        BY: /s/  Robert J Basil_____
                                        Robert Basil
                                        1270 Broadway, Suite 305
                                        New York, NY 10001-3215
                                        Telephone: (917) 512-3066
                                        Fax: (831) 536-1075
                                        Email: robertjbasil@rjbasil.com